UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SABAL TRAIL TRANSMISSION,
LLC,

    Plaintiff,

v.                                                  Case No: 5:16-cv-178-JSM-PRL

3.921 ACRES OF LAND IN LAKE
COUNTY FLORIDA, SUNDERMAN
GROVES, INC and UNKNOWN
OWNERS,

    Defendants.

### REPORT AND RECOMMENDATION[1]

Before the Court is a post-trial motion filed by Defendant Sunderman Groves, Inc. ("Sunderman Groves") seeking to tax prejudgment and post judgment interest. (Doc. 211). For the reasons discussed below, I submit that the motion should be granted in part.

**I.    BACKGROUND**

On March 18, 2016, Plaintiff Sabal Trail Transmission, Inc. ("Sabal Trail") initiated this eminent domain action seeking to condemn property interests it deemed necessary for its interstate natural gas pipeline. (Doc. 1). On May 12, 2016, the parties filed a stipulation to immediate possession, allowing Sabal Trail to take possession of the property for the construction of the pipeline. (Doc. 24). On June 13, 2016, Sabal Trail deposited $113,600.00

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

into the court registry. (Doc. 32). On July 8, 2016, the court ordered the disbursement of the funds to Sunderman Groves. (Doc. 34).

This case proceeded to trial and on March 1, 2018, the jury found Sunderman Groves was entitled to $309,500 in compensation for the condemnation of its property. (Doc. 126). On April 2, 2018, the court entered final judgment and ordered Sabal Trails to pay $309,500 to Sunderman Groves. (Doc. 133). On April 23, 2018, Sabal Trail deposited $195,900.00 into the court registry. (Doc. 139). The court determined Sabal Trails should pay prejudgment interest on the amount of $134,500 (per the parties' previous stipulation) for the period of May 12, 2016 through the date of deposit on April 23, 2018. (Doc. 133).

On May 1, 2018, Sabal Trail filed a Notice of Appeal. (Doc. 145). On January 22, 2020, the Eleventh Circuit rendered its opinion and affirmed the district court's final judgment. (Doc. 183)

Now, Sunderman Groves requests an order taxing prejudgment interest from the date of "surrender of possession" (May 12, 2016) until the "date of deposit" (April 23, 2018) in the amount of $13,080.17[2] and taxing post judgment interest from April 24, 2018 to January 22, 2020 in the amount of $15,775.88.[3] (Doc. 211).

## II.   DISCUSSION

### A.  Prejudgment Interest

---

[2] This number was calculated on the amount of $134,500.00 from the dates of May 12, 2016 until April 23, 2018. Sunderman Groves determined the interest rates by looking at Fla. Stat. § 74.061 and § 55.03. From May 12, 2016 until the end of 2016, Sunderman Groves used an interest rate of 4.78%. In 2017, the interest rate was adjusted to 4.97%. In 2018, the interest rate was adjusted to 5.53% until April 23, 2018. (Doc. 211-1).

[3] This number was calculated on the amount of $147,580.17 ($134,500.00 plus the requested prejudgment interest of $13,080.17). Sunderman Groves determined the interest rates by looking at Fla. Stat. § 74.061 and § 55.03. From April 24, 2018 until the end of 2018, Sunderman Groves used an interest rate of 5.72%. In 2019, the interest rate was adjusted to 6.33%. In 2020, the interest rate was adjusted to 6.83% until January 22, 2020. (Doc. 211-2).

When property is taken by eminent domain, prejudgment interest at a reasonable rate is owed as part of the just compensation required under the constitution. *See West Virginia v. United States,* 479 U.S. 305, 311 n. 2 (1987) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."); *United States v. Creek Nation,* 295 U.S. 103, 111 (1935) (deciding that "interest at a reasonable rate" should be awarded as part of "just compensation" for a taking); *Seaboard Air Line Ry. Co. v. United States,* 261 U.S. 299, 306 (1923) ("The addition of interest allowed by the District Court is necessary in order that the owner shall not suffer loss and have 'just compensation' to which he is entitled."). This court previously determined that state substantive law governs the measure of compensation to be paid by Sunderman Groves. (Doc. 133). Sabal Trail challenges this determination and argues that prejudgment interest rate cannot be made upon state statutory provisions.

"In the absence of a controlling statute, federal courts' choice of a rate at which to determine the amount of prejudgment interest to be awarded is [] a matter for their discretion." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1447 (11th Cir. 1998); *see also Washington Metro. Area Transit Authority v. One Parcel of Land in Montgomery Co., Md.,* 706 F.2d 1312, 1322 (4th Cir. 1983) ("The choice of an appropriate rate of interest is a question of fact, to be determined by the district court."). "That choice is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding *post*-judgment interest." *Indus. Risk Insurers*, 141 F.3d at 1447 (citing 28 U.S.C. § 1961). Notably, other courts awarding prejudgment interest in Natural Gas Act cases have

found the interest rates provided by state statutes to be reasonable.[4]

Under Florida's constitutional guarantee of "full compensation," Sunderman Groves is entitled to prejudgment interest. *See* Art. X, § 6(a), Fla. Const. ("No private property shall be taken except for a public purpose and with full compensation therefor paid to each owner. . ."); *Lee Cty. v. Sager*, 595 So. 2d 177, 178 (Fla. 2d D.C.A. 1992) ("Prejudgment interest is an integral part of "full compensation" in eminent domain proceedings."). Florida Statute § 74.061 controls the issue of interest in eminent domain cases and allows for interest to be calculated according to the rates set in § 55.03. *Behm v. Div. of Admin., Dep't of Transp.*, 383 So. 2d 216, 217 (Fla. 1980) ("This Court has previously considered the question of interest on condemnation awards and has concluded that such interest is controlled by statute."); Fla. Stat. § 74.061 ("[I]nterest shall be allowed at the same rate as provided in all circuit court judgments from the date of surrender of possession to the date of payment on the amount that

---

[4] *Equitrans, L.P. v. 0.56 Acres More or Less of Permanent Easement Located in Marion Cty., W. Virginia*, No. 1:15CV106, 2017 WL 1455023, at *1 (N.D.W. Va. Apr. 21, 2017), *aff'd sub nom. Equitrans, L.P. v. Moore*, 725 F. App'x 221 (4th Cir. 2018) (applying West Virginia's prejudgment interest provisions); *N. Nat. Gas Co. v. Approximately 9117 Acres In Pratt, Kingman, & Reno Ctys., Kan.*, 114 F. Supp. 3d 1144, 1149 (D. Kan. 2015), *aff'd in part, rev'd in part sub nom. N. Nat. Gas Co. v. L.D. Drilling*, 862 F.3d 1221 (10th Cir. 2017) (applying Kansas' statutory rate of 4.75%); *Maritimes & Ne. Pipeline, L.L.C. v. 97.25 Acres of Land, More or Less, in Boxford Mass.*, No. CIVA 02-10980 GAO, 2007 WL 2461055, at *5 (D. Mass. Aug. 27, 2007) ("[B]ecause Massachusetts law of eminent domain governs compensation issues in an eminent domain action, interest on any judgment awarding just compensation must be computed in accordance with Massachusetts law."); *Questar S. Trails Pipeline Co. v. 3.47 Acres of Land*, No. CV 02-10 BB/LFG, 2003 WL 27385112, at *2 (D.N.M. July 31, 2003) (applying New Mexico's statutory rate of 10%); *Spears v. Williams Natural Gas Co.*, 932 F. Supp. 259, 261 (D. Kan. 1996) (applying Kansas' statutory rate of 9.25%); *Tennessee Gas Pipeline Co. v. 104 Acres of Land More or Less, in Providence Cty. of State of R.I.*, 780 F. Supp. 82, 88 (D.R.I. 1991) (applying Rhode Island's statutory rate of 12%); s*ee also Seaboard Air Line Ry. Co. v. United States*, 261 U.S. 299, 305, 43 S. Ct. 354, 356, 67 L. Ed. 664 (1923) (finding that awarding interest at a rate established by state law was a "palpably fair and reasonable method" of awarding just compensation); *United States v. Rogers*, 255 U.S. 163, 170 (1921) (determining that the fact that the interest rate applied by the court "is in harmony with the policy of the state where the lands are situated does not militate against, but makes for, the justice and propriety of its adoption.").

the verdict exceeds the estimate of value set forth in the declaration of taking."); Fla. Stat. § 55.03 (establishing how to determine the interest rate for judgements).

In Florida, the interest rate is determined by the Chief Financial Officer by averaging the discount rate of the Federal Reserve Bank of New York for the preceding 12 months, then adding 400 basis points to the averaged federal discount rate. Fla. Stat. § 55.03. The Chief Financial Officer set the judgment interest rate of 4.78% on May 12, 2016, 4.97% beginning in 2017, and 5.53% beginning in 2018 until April 23, 2018. (Doc. 211-1); Jimmy Patronis, Florida's Chief Financial Officer, *Historical Judgment Interest Rates*, Florida Department of Financial Services, Division of Accounting and Auditing, https://www.myfloridacfo.com/division/aa/localgovernments/Historical.htm (last visited Nov. 19, 2021).

Florida courts award prejudgement interest calculated under § 55.03 "as an element of damages to fully compensate the plaintiff for the value of his or her loss which was caused by the defendant's conduct." *Torpy v. Unum Life Ins. Co. of Am.*, No. 616CV410ORL22DCI, 2017 WL 5239451, at *5 (M.D. Fla. Oct. 18, 2017), *aff'd,* 741 F. App'x 673 (11th Cir. 2018) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 214-15 (Fla. 1985)). Although Sabal Trail opposes the application of the Florida statute to determine the interest rate, and instead requests a rate of 1.59%, the interest rates set by Florida's Chief Financial Officer are fair and reasonable to ensure full compensation is paid to Sunderman Groves.

Although other courts have applied an interest rate determined by various investment options under the National Gas Act, the courts did not determine that it was improper to apply the interest rates in the state statute, but merely decided to calculate interest in a

different manner.[5] A rate of 4.78% should be applied from May 12, 2016 until the end of 2016, 4.97% beginning in 2017, and 5.53% beginning in 2018 until April 23, 2018 on the stipulated amount of $134,500.00 for a total of $13,080.17.

Sabal Trail requests that the prejudgment interest accrued in the court registry be deducted from the amount due. On July 19, 2016, Sunderman Groves received the initial deposit of $113,600 plus $8.57 in interest. (Doc. 36). Therefore, Sunderman Groves should be awarded a total of $13,071.60 in prejudgment interest.

### B. Post judgment interest

Unlike the issue of prejudgement interest, where the court has discretion in determining an interest rate, post judgment interest is governed by 28 U.S.C. § 1961(b). *See G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir.1985).

On April 23, 2018, Sabal Trail deposited the remaining amount due to Sunderman Groves into the court registry. (Doc. 139). On May 1, 2018, Sabal Trail filed a Notice of

---

[5] *Dominion Energy Transmission, Inc. v. 0.11 Acres of Land, More or Less, in Doddridge Cty., W. Virginia*, No. 1:19CV182, 2020 WL 5648325, at *3 (N.D.W. Va. Sept. 22, 2020) (applying the average federal interest rate of 2.436% and concluding that prejudgment interest should be calculated to reflect the rate best representing the injured party's borrowing costs during the period of the loss of use of the monies owed); *Tennessee Gas Pipeline Co. v. Permanent Easement for 1.7320 Acres & Temp. Easements for 5.4130 Acres in Shohola Twp., Pike Cty., PA*, No. 3:CV-11-028, 2014 WL 690700, at *13 (M.D. Pa. Feb. 24, 2014) (relying on IRS overpayment rates to award prejudgment interest); *S. Nat. Gas Co. v. Approximately 1.06 Acres of Tax Parcel No. 17-05-21-0-002-008.00*, No. 2:11-CV-00191-AKK, 2012 WL 976027, at *4 (M.D. Ala. Mar. 22, 2012) (using the weekly average one-year constant maturity Treasury yield, published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of taking.); *Hardy Storage Co., LLC v. An Easement to Construct, Operate & Maintain 12-Inch & 20-inch Gas Transmission Pipelines Across Properties in Hardy*, No. CIV.A. 2:06CV7, 2009 WL 900157, at *7 (N.D.W. Va. Mar. 31, 2009) (determining the "Current Value of Funds" rate established by the United States Department of Treasury establishes a reasonable rate of interest); *Nat. Gas Transmission Sys. v. 19.2 Acres of Land*, 195 F. Supp. 2d 314, 327–28 (D. Mass. 2002), *aff'd*, 318 F.3d 279 (1st Cir. 2003) (determining a rate of 7% was reasonable because it was the prevailing money market rate at the time).

Appeal. (Doc. 145). Sunderman Groves did not withdraw the money until after the Eleventh Circuit issued its opinion affirming the final judgment. (Docs. 195, 196).

The court's order directing Sabal Trail to deposit the remaining sums expressly stated "if, within twenty (20) days of entry of Judgment, Plaintiff, by virtue of appeal, elects not to deposit the required sum into the court's registry, Plaintiff shall pay Defendant post judgment interest at per diem rate determined by the Court beginning on the twenty-first (21st) day following the entry of Judgement and continuing until such time as Plaintiff deposits the required sum." (Doc. 133). The Eleventh Circuit has decided that a district court did not err in holding that a deposit into the court's registry halted post judgment accrual of statutory interest. *Zelaya/Cap. Int'l Judgment, LLC v. Zelaya*, 769 F.3d 1296, 1303 (11th Cir. 2014) ("The federal courts, however, have overwhelmingly held that post judgment statutory interest stops accruing once the disputed funds are deposited into the court's registry.") (citing *Cordero v. Jesus–Mendez,* 922 F.2d 11, 18–19 (1st Cir. 1990)). The Eleventh Circuit also noted that even if Florida law applied to post judgment interest, the deposit of funds into the court's registry halts the accrual of post judgment interest. *Id.* (quoting *Gerardi v. Carlisle,* 232 So.2d 36, 39 (Fla. 1st DCA 1969)).

Notably, Sunderman Groves relies on a Florida Supreme Court case deciding whether post judgement interest is due when a landowner appeals the decision. *See Behm v. Division of Admin., Fla. Dep't of Transp.*, 383 So.2d 216, 219 (Fla. 1980). The Florida statute controlling appeals in eminent domain cases states that

> If, at any time after entry of the judgment, a defendant shall take out of the court the amount due him or her, any pending appeal taken by the defendant shall be dismissed by the appellate court upon the filing of a certificate by the clerk of the circuit court stating that the defendant taking the appeal has withdrawn the amount due him or her.

Fla. Stat. § 73.131. Considering the issue of post judgement interest in a case where the landowner chose to appeal the decision instead of withdraw the funds, the Florida Supreme Court decided that:

> Denying interest . . . would . . . place on appellants in eminent domain proceedings an unjustified double burden having to choose between taking an appeal or taking the award, as well as having to prevail on appeal in order to receive present value of the award. Under such a scheme, only winners would receive the full compensation mandated by the state constitution.

*Behm*, 383 So.2d at 219 (Fla. 1980); *see also Hartleb v. Dep't of Transp.*, 778 So. 2d 1063, 1064 (Fla. 4th DCA 2001) (awarding post judgement interest to a landowner who appealed a decision and did not withdraw funds).

Here, because post judgment interest is governed by 28 U.S.C. § 1961(b), the cases cited above, and this Court's Order (Doc. 133), no post judgment interest accrued once the funds were deposited into the Court's registry and Sunderman Groves was never prohibited from withdrawing the funds. Therefore, Sunderman Groves's request for post judgment interest should be denied.

### III. RECOMMENDATION

Accordingly, it is recommended that Sunderman Groves's motion (Doc. 211) be granted in part as set forth above. Sunderman Groves should be awarded a total of $13,071.60 in prejudgment interest.

Recommended in Ocala, Florida on November 24, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

- 9 -

c: Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy