UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SABAL TRAIL TRANSMISSION,
LLC,

    Plaintiff,

v.

Case No: 5:16-cv-178-JSM-PRL

3.921 ACRES OF LAND IN LAKE
COUNTY FLORIDA, SUNDERMAN
GROVES, INC and UNKNOWN
OWNERS,

    Defendants.

## REPORT AND RECOMMENDATION[1]

In this eminent domain proceeding, Defendant Sunderman Groves, Inc. ("Sunderman"), has filed a motion to supplement its previous (and already decided, see Docs. 220, 226, 228) motion for attorney's fees and costs. (Docs. 213, 245, 250). Plaintiff, Sabal Trail Transmission, Inc. ("Sabal Trail"), has filed a response in opposition. (Docs. 247, 253). On March 7, 2024, the Court held a hearing on Sunderman's motion. For the following reasons, and as discussed at the hearing, Sunderman's motion (Doc. 245), should be **denied**.

### I. BACKGROUND

Previously, this case proceeded to trial where the Jury found that Sunderman was entitled to $309,500 in compensation for the condemnation of its property. (Doc. 126).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Thereafter, Sabal Trail appealed, and the Eleventh Circuit affirmed the district court's final judgment. (Doc. 183). Sunderman moved for attorney's fees and costs, and on January 10, 2022, it was awarded a total of $144,160 in district court attorney's fees, $258,590 in appellate attorney's fees, and $65,487.45 in district court costs. (Docs. 220, 226). Judgment was entered on January 11, 2022. (Doc. 228). Again, Sabal Trail appealed, contesting that state law controlled the award of attorney's fees. (Docs. 230, 231, 250 at 10). On August 10, 2023, the Eleventh Circuit issued its opinion and affirmed the district court's award of attorney's fees, costs, and prejudgment interest. (Doc. 237). While the second appeal was pending, Sabal Trail did not pay Sunderman the previously awarded attorney's fees.

Now, Sunderman moves (as stated) to supplement its earlier attorney's fees and costs motion (see Doc. 245 asking to "supplement" Doc. 213) that was already decided, with attorney's fees and costs awarded, claiming that "current rates" for the attorneys should now be applied (retroactively) to the work previously done because of the delay in payment. Specifically, Sunderman seeks an increase in the previously awarded "attorney's fees in district court in the amount of $8,317.50 and additional attorney's fees in circuit court in the amount of $29,992.50." (Doc. 245 at ¶¶ 13–15).[2] The relief requested is a recalculation of the awarded amounts based on an increase in each attorney's hourly rate, amounting to a request to upwardly alter the judgment previously entered.

Sabal Trail contends that Sunderman's motion should be denied on procedural grounds (because there is no basis for the relief requested) and, alternatively, on substantive

---

[2] Notably, Sunderman has separately moved for a determination that it is entitled to an award of attorney's fees incurred in the second appeal. Thus, the instant motion only involves the attorney's fees incurred before Sabal Trail's second appeal that Sunderman was (again) already awarded.

grounds.³ Sunderman argues that the Federal Rules of Civil Procedure provide a procedural basis for the relief it requests, and that this case is exceptional in terms of the delay, necessitating the application of current rates to the previous award.

## II. DISCUSSION

As discussed at the hearing, it does not appear that there is a procedural basis for Sunderman's request to supplement the previously awarded attorney's fees motion (or to amend the judgment) under Federal Rule of Civil Procedure 7(b), 15(d), 59(e), 60(b)(6), or 60(b)(6).⁴

As an initial matter, it does not appear that Rule 7(b) (which was argued for the first time not in its motion (Doc. 245) but in its reply (Doc. 247)) provides any procedural grounds for the relief that Sunderman seeks. Fed. R. Civ. P. 7(b). Rule 7(b) states that: "[a] request for a court order must be made by motion." *Id.* The fact that a party must move for the relief they request (and that typically the request must be made in writing) has no bearing on whether the relief that Sunderman seeks is appropriate and should be granted by the Court.

---

³ Substantively, Sabal Trail contends that "current rates" on attorney's fees cannot be awarded, because they serve the same purpose as prejudgment interest, which has been disallowed since 2000 on attorney's fees and costs in eminent domain cases. (Doc. 253 at 4) (first citing Fla. Stat. § 73.091; then citing *Collier Cnty. v. RTG, LLC*, No. 2:17-cv-14, 2018 WL 5300200, at *7 (M.D. Fla. Oct. 10, 2018); then citing *Hartleb v. State*, 711 So. 2d 228, 229 (Fla. 4th DCA 1998)). Because, as later stated, there is no basis for the relief requested by Sunderman, the Court need not reach this issue.

⁴ Sunderman's reply brief cites to Rules 60(d) and 60(e) (again raising these grounds for the first time in its subsequent briefing and not the underlying motion), rather than 60(b)(5) or (b)(6). Fed. R. Civ. P. 60(b)(5), (b)(6), (d), & (e). However, it appears that these citations are in error, and are otherwise without merit, because Rule 60(d) pertains to other powers of the court to grant relief, the grounds for which were not argued and do not otherwise appear applicable in any way, and Rule 60(e) which pertains to bills and writs and appears entirely inapplicable on its face. (Doc. 250 at 3); Fed. R. Civ. P. 60(d) & (e). Further, Sunderman refers to the court's ability to relieve a party from a judgment when the judgment "prospectively is no longer equitable" or when "the requested relief justifies the court granting relief from its prior judgment"—which respectively arise under Rule 60(b)(5) or 60(b)(6). (Docs. 250 at 3; 253 at 2); Fed. R. Civ. P. 60(b)(5) & (b)(6).

Next, Sunderman concedes in its response (and confirmed during the hearing) that Rule 15(d) (which was the only basis for the relief it sought in its motion) is inapplicable because what it is essentially seeking to amend is the judgment on the award of attorney's fees and not a pleading. (Docs. 245 at 11; 250 at 2).

As to Rule 59(e) (also raised for the first time in later briefings and not in its motion), Sunderman concedes that it is also inapplicable because, at a minimum, the relief wasn't sought within the twenty-eight-day time limit. (Doc. 250 at 3).

Finally, as discussed at the hearing, Rule 60(b)(5) and (b)(6) do not appear to provide a procedural basis for the relief requested either. Fed. R. Civ. P. 60(b)(5) & (b)(6). Under Rule 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" if: "applying [the judgment] . . . prospectively is no longer equitable; or any other reason . . . justifies relief." Fed. R. Civ. P. 60(b)(5) & (b)(6).[5] Importantly, Sunderman acknowledged that the express language of the general provision of Rule 60(b) (and the initial hurdle that must be overcome before one considers subsections (5) or (6)) addresses an avenue to *relieve* a party from the obligations of a final judgment, which is quite different than the request sought here—to impose an increase in the financial obligations determined by a previously entered judgment related to an award of attorney's fees, which was decided at the time based on the rates presented by the movant. Sunderman presents no cases that apply Rule 60(b) in the manner that it requests, which again, appears contrary to the Rule's plain

---

[5] Notably, both subsections require the motion to "be made within a reasonable time." *Sec. & Exch. Comm'n v. Johnson*, 683 F. App'x 761, 763 (11th Cir. 2017) (quoting Fed. R. Civ. P. 60(c)(1)). Even if the provisions themselves could be satisfied, which the Court submits they cannot, the significant passage of time since the time of the judgment on the attorney's fees and the filing of Sunderman's motion cannot be said to be reasonable.

language. The failure to overcome the general applicability provision of Rule 60(b) is determinative of the analysis.

Even if the Court is reading the general provision too closely, the subsections cannot be met. "[R]ule 60(b)(5) applies only to judgments that have prospective effect 'as contrasted with those that offer a present remedy for a past wrong.'" *Cook v. Birmingham News*, 618 F.2d 1149, 1152 (5th Cir. 1980) (stating that "[a]ny continuing injunction, for example, would have the requisite prospective effect") (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure s 2863 at 205 (footnote omitted)).[6] As Sabal Trail contends, Rule 60(b)(5) does not offer the relief that Sunderman seeks. Indeed, Rule 60(b)(5) appears inapplicable to this scenario, where (again) Sunderman "simply seeks an upward modification of a prior monetary judgment based solely on the passage of time." (Doc. 253 at 4).

Further, where Rule 60 is applicable courts have held that Rule 60(b)(6) relief "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citing *Ackermann v. United States*, 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950)). The

---

[6] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981). The Court in *Cook* provided several reasons for why the district court's decree did not have prospective effect or continuing operation that Rule 60(b)(5) requires. First, the decree was "unenforceably [sic] vague" in that there were no guidelines or specific mandatory action that the defendant had to take. Second, the court noted that the decree expressly declined the "plaintiffs' prayer for injunctive relief." Third, the decree announced that the plaintiffs were "deemed entitled" to back pay while avoiding ordering the defendant "to pay anything at all." *Id.* at 1152–53. Fourth, the district court "did not state that it reserved power to modify the decree or that it retained jurisdiction over the case." *Id.* at 1153. Finally, the court stated that "[e]ven if the decree unambiguously told the [defendant] to award back pay, the district court would not have had jurisdiction to reconsider the decree pursuant to Rule 60(b)(5), since a back pay award is a 'present' rather than a 'prospective' remedy." *Id.* at 1153 n.3. "The only truly mandatory language in the decree concerns attorney's fees: 'The [defendant] shall pay plaintiffs' [sic] counsel a reasonable attorney's fee . . . .' Of course this provision creates only a 'present' obligation that does not bring the decree within the terms of [R]ule 60(b)(5)." *Id.* at 1153 n.3.

movant "has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin*, 722 F.2d at 680 (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932)). Here, Sunderman cannot make such a showing. The mere fact that, in the normal course of the litigation, appeals were taken and time passed cannot be said to be the type of exceptional circumstance that would warrant altering the judgment, again, even if Rule 60(b)'s general provision could be applied, which I submit that it cannot.

In the only other case to address this type of request, *Sabal Trail Transmission, LLC v. 18.27 Acres of Land in Levy Cnty., et al.*, Case No. 1:16cv93-MW/ZCP (Doc. 333) (N.D. Fla. Dec. 19, 2023) (Walker, J.), the court also denied it and further held that the "[d]efendants have not sought relief under Rule 59 or Rule 60 with respect to this fee award, nor have they stated any other legal basis to justify" a modification of the previous award. *Id.* at (Doc. 333 at 3–4).

For all of these reasons, Sunderman's motion is due to be denied and, thus, the Court need not address any further substantive grounds it raises.

### III. RECOMMENDATION

Accordingly, I submit that the Court should **deny** Sunderman's motion to supplement its motion for attorney's fees and costs. (Doc. 245).

Recommended in Ocala, Florida on March 8, 2024.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy