UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SABAL TRAIL TRANSMISSION, LLC,**

    **Plaintiff,**

v.                                                                                        Case No: 5:16-cv-178-JSM-PRL

**3.921 ACRES OF LAND IN LAKE COUNTY FLORIDA, SUNDERMAN GROVES, INC and UNKNOWN OWNERS,**

    **Defendants.**

---

**REPORT AND RECOMMENDATION**[1]

Previously, in this eminent domain proceeding, the Court granted the motion of Defendant, Sunderman Groves, Inc. ("Sunderman"), for entitlement to attorney's fees incurred in Plaintiff, Sabal Trail Transmission, Inc.'s ("Sabal Trail") second appeal. (Doc. 258). In accordance with that Order, Sunderman has filed the instant motion with supporting declarations as to the amount of attorney's fees sought. (Docs. 261; 261-1 at 1–24; 261-2; 261-3 at 1–7; & 268). Sabal Trail has filed a response in opposition. (Doc. 262). For the following reasons, I recommend that Sunderman's motion be **granted** in large part, to the extent that it be awarded $201,542.50 in attorney's fees.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

## I. BACKGROUND

Previously, this case proceeded to trial where the Jury found that Sunderman was entitled to $309,500 in compensation for the condemnation of its property. (Doc. 126). Thereafter, Sabal Trail appealed, and the Eleventh Circuit affirmed the district court's final judgment. (Doc. 183). Sunderman moved for attorney's fees and costs, and on January 10, 2022, it was awarded a total of $144,160 in district court attorney's fees, $258,590 in appellate attorney's fees, and $65,487.45 in district court costs. (Docs. 220, 226). Judgment was entered on January 11, 2022. (Doc. 228). Again, Sabal Trail appealed, contesting that state law controlled the award of attorney's fees. (Docs. 230, 231, 250 at 10). On August 10, 2023, the Eleventh Circuit issued its opinion and affirmed the district court's award of attorney's fees, costs, and prejudgment interest. (Doc. 237).[2] Thereafter, the Eleventh Circuit transferred consideration of Sunderman's motion for attorney's fees incurred in the second and third appeals to this Court. (Doc. 239).

On November 15, 2023, the Court directed Sunderman to follow this District's bifurcated approach to attorney's fees and file a motion for entitlement before filing a motion as to amount. (Doc. 241); M.D. Fla. Local Rule 7.01. In accordance with that Order, Sunderman filed an eleven-page motion for entitlement that Sabal Trail did not oppose. (Docs. 244 & 246).[3] In accordance with this district's bifurcated approach to attorney's fees,

---

[2] The Eleventh Circuit also awarded appellate costs related to Sunderman's brief. (Docs. 238 at 4; 262 at 2).
[3] The substance of the motion was limited to its first ten pages. (Doc. 244). The eleventh page of the motion for entitlement consisted of the certificate of service and Sunderman's attorney's signature block. *Id.* at 10–11.

Sunderman filed a subsequent motion on the amount of attorney's fees incurred in the second appeal.[4]

## II. DISCUSSION

### A. Appellate Fees Under Fla. Stat. § 73.131

Under Fla. Stat. § 73.131, "[t]he petitioner shall pay all reasonable costs of the proceedings in the appellate court, including a reasonable attorney's fee to be assessed by that court, except upon an appeal taken by a defendant in which the judgment of the lower court shall be affirmed." The court uses the lodestar analysis to determine the amount of the reasonable appellate fees. *State, Dep't of Transp. v. Skinners Wholesale Nurs., Inc.*, 736 So. 2d 3, 7 (Fla. 1st DCA 1998). This analysis has the court multiply the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Sunderman requests a total $209,690.00 in attorney's fees incurred in the second and third appeals. (Doc. 268 at 1–2). This includes $79,497.50 for work performed by Mr.

---

[4] Part of the instant motion also seeks attorney's fees incurred in it filing the motion for entitlement (Doc. 241).

Brigham's firm and $130,192.50 for work performed by True North.[5] (Doc. 261-1 at 2). Sabal Trail submits that the Court should reduce the fees to $108,045.

    *1. Reasonable Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id.* at 1303. The relevant legal community is the place where the case is filed. *Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cty., Fla.,* No. 5:13-CV-623-OC-32PRL, 2018 WL 454070, at *1 (M.D. Fla. Jan. 17, 2018) (quoting *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). Here, the relevant market is Ocala, Florida, where the case was filed. The trial court is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Norman*, 836 F.2d at 1303.

"If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437. Sunderman presented the affidavit of Mr. Brigham to detail the difficulty in obtaining co-counsel with experience at the federal appellate level and a reputation and familiarity with defending owners regarding their property rights who would consider taking on the matter on contingency of prevailing.

---

    [5] Sunderman also requests $3,976.25 in unpaid appellate costs, and $5,665.00 for a total of 10.3 hours in district court for its motion regarding entitlement. (Doc. 268 at 2).

(Doc. 261-1 at 15). Mr. Brigham submits that many appellate lawyers expressed concern over potential or perceived conflicts of interests with the companies that have ownership interest in the Sabal Trail Natural Gas Pipeline. (Doc. 261-1 at 15–16). Mr. Brigham then suggested that Sunderman retain Mr. Hearne's firm (True North) as appellate co-counsel. (Doc. 261-1 at 16).

Sunderman seeks the following hourly rates for the attorneys (and paralegal) who worked on the second and third appeal: $550/hour for Andrew Brigham, $325/hour for E. Scott Copeland; $700/hour for Mark F. (Thor) Hearne, $575/hour for Stephen S. Davis, $550/hour for Timothy Belz, $450/hour for Matthew J. Belz, and $200/hour for Kathryn Payne (paralegal). Sunderman has provided the declaration of Mr. Brigham and Mr. Hearne to set out the relevant experience of the attorneys who have worked on this case at the circuit court level (Doc. 261-1 at 3–5; Doc. 261-2 at 1–8),[6] and the affidavit of Raymond T. Elligett, Jr. to provide an opinion on the reasonableness of appellate fees requested. (Doc. 261-3 at 1–7). Sabal Trail argues that this Court should apply the rates previously awarded in this case in January 2022 and by courts in other cases (Doc. 262 at 5–6), because "the work at issue primarily was performed in 2022 (Doc. 220; Doc. 226 at 11-12), and the Northern District recently rejected the same request for higher rates, (No. 1:16-cv-00093-MW-GRJ, Doc. 341, at 9-12)." (Doc. 262 at 6) (grammatical alterations).

As an initial matter, Sunderman requests the same hourly rate for work done by Mr. Copeland in 2022 and 2023 ($325), as was awarded for work previously done in 2020 and

---

[6] The motion also attaches the website biographies of Mr. Brigham and other attorneys that worked on the second and third appeals. *See, e.g.*, (Doc. 261-1 at 49).

2021. (Docs. 220 at 11–12; 261-1 at 8–9).[7] Sabal Trail does not contest the reasonableness of Mr. Copeland's rate. Thus, for the same reasons previously stated (Doc. 220 at 6, 11–12), the Court should find that Mr. Copeland's $325/hour rate is reasonable.

As this Court previously found, considering the difficulty that Sunderman had in obtaining appellate counsel to take on this issue, and the affidavits detailing the attorney's experience, reputation, and skill, Sunderman attorneys' requested hourly rates are reasonable. *See* (Doc. 220 at 12). Accordingly, the Court should award: $550/hour for Andrew Brigham, $325/hour for E. Scott Copeland; $700/hour for Mark F. (Thor) Hearne, $575/hour for Stephen S. Davis, $550/hour for Timothy Belz, $450/hour for Matthew J. Belz, and $200/hour for Kathryn Payne (paralegal).

    2. *Number of Hours Reasonably Expended*

The court must determine the number of hours reasonably expended on the appeal. Notably, the attorney fee applicant bears the initial burden of submitting evidence sufficient to allow the court to confirm that the requested fees are not excessive. *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Then, "'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Id.* Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). If applicants do not exercise billing judgment, courts are obligated to do it

---

[7] Sunderman also mentions work done by Matthew J. Belz in 2022 and 2023 (Doc. 261 at 14), but the Court cannot find his name in the hourly records submitted by counsel in support of this motion. *See, e.g.,* (Doc. 261-2).

for them. Courts may cut specific hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*

Sunderman Groves requests a total of appellate fees in the amount of $209,690.00, which includes 101.7 hours expended by Mr. Brigham,[8] 72.5 hours expended by Mr. Copeland,[9] 157.9 hours expended by Mr. Hearne,[10] 31.10 hours expended by Mr. Davis,[11] and 8.9 hours expended by Ms. Smith (paralegal).[12] (Docs. 261 at 23; 261-1 at 66–70; 261-2 at 7–8).[13] Sabal Trail requests multiple reductions in the number of hours expended.

First, Sabal Trail asks the Court to reduce the time Mr. Brigham and Mr. Copeland spent reviewing the notice of (the second and third) appeals in this case from 2.3 hours to 0.30 hours. Sabal Trail contends that these three time entries from February 8, 2022, are excessive because the notices were less than two pages each, and that they should be reduced to 0.10 hours each (for a total of 0.3 hours). (Docs. 261-1 at 15; 262 at 15). Sunderman's counsel defends these time entries by arguing that they include a review of the notices of appeal and the orders and rulings subject to those appeals, and that the orders and rulings subject to the second and third appeal were different. Although the orders subject to the appeal were different, Sunderman's post-hoc justification for the hours is unsatisfactory. Sunderman's

---

[8] Mr. Brigham states he spent 76.9 hours on the second appeal (Doc. 261-1 at 66), and 24.8 hours on the second appeal. (Doc. 261-1 at 68).

[9] Mr. Copeland spent 72.5 hours on the third appeal. (Doc. 261-1 at 69–70).

[10] Mr. Hearne expended 128.1 hours in 2022, 26.9 hours in 2023, and 2.9 hours in 2024. (Doc. 261-2 at 7–8).

[11] Mr. Davis spent 26.4 hours in 2022, 4.4 hours in 2023, and 0.3 hours in 2024. (Doc. 261-2 at 7–8).

[12] True North Law provides rates for its paralegal Ms. Payne. However, the record of hours show a different paralegal (Rachel Smith) and do not reflect any time entries for Ms. Payne. (Doc. 261-2 at 7–8). Ms. Smith expended 8 hours in 2022 and 0.9 hours in 2024. *Id.*

[13] True North Law states they spent a total of 197.90 hours on the second and third appeals. (Doc. 261-2 at 8).

counsel was involved in the litigation leading up to the second and third appeals. There is no reasoning as to why a review of the court orders before then was necessary, particularly when its appellate brief was not worked on until over two months later. (Doc. 262-3 at 5–7).

Moreover, there are additional time entries dedicated to reviewing the Court's orders and the notices of appeal that Sabal Trail does not seek to reduce. Those time entries are more closely associated with the preparation of Sunderman's appellate briefs. (Doc. 262-3 at 7). Accordingly, I submit that the time entries on February 8, 2022, are excessive, and should be reduced to 0.1 hours each, for a total of 0.3 hours.

Second, Sabal Trail argues that the 2.5 total hours spent by Mr. Copeland and Mr. Brigham on March 4, 2022, to review a proposed draft motion to stay the appeal, should be denied because Sunderman never filed such a motion. (Doc. 262 at 15). Sunderman does not contest that the motion to stay was not filed, but argues that the time spent on this task is still reasonable "in light of the issues at bar." (Doc. 268 at 6). Sunderman's counsel does not provide support for the idea that it is reasonable to award attorney's fees for hours attributable to an unfiled motion. Accordingly, I submit that the time entries on March 4, 2022, are unreasonable, and the 2.5 total hours attributable to these should be excluded from the award.

Third, Sabal Trail contends that 1 hour spent by Mr. Copeland on March 4, 2022, to email Mr. Hearne and Stephen Davis regarding appellate filings should not be awarded as too vague. (Doc. 261-1 at 69; Doc. 262 at 15). The Court disagrees. Sunderman provides sufficient detail to determine that the time was attributable to a run-down of appeals dates and issues at that time in the appeal. This is confirmed by Sunderman's provision of the email from that date. (Docs. 268 at 6; 268-2)

Fourth, Sabal Trail requests that the Court reduce to 0.1 hours each the time entries on March 7, 2022, by Mr. Copeland and Mr. Brigham that are attributable to reviewing notices of appearances and an extension, because those entries are excessive in light of the repetitive nature of the notices (from six prior appeals) and the one-paragraph extension. (Doc. 262 at 15). The Court disagrees. 1.2 hours for these entries should be considered reasonable. Although the review time may appear repetitive on paper, the time attributable to these entries is reasonable in light of the fact that Mr. Brigham and Mr. Copeland would have had to review filings to assure they were correct particularly where they did not do such filings, and that Mr. Copeland had to determine what the new calendaring dates would be based off the extension.

Fifth, Sabal Trail argues that 1.0 hours spent by Mr. Copeland on March 8, 2022, should be disallowed as excessive, where the hours are attributable to drafting two corporate disclosure statements (0.5 hours each). Although Sabal Trail contests that these are repetitive, Sunderman's reply sets out that the corporate disclosure statement had to be redone for each appeal based on the parties involved. Thus, the 1.0 hours spent by Mr. Copeland on March 8, 2022, should be awarded.

Sixth, Sabal Trail argues that Mr. Brigham's hours attributable to emailing a client are excessive (1.2 hours on March 17, 2022; 1.5 hours on July 18, 2022; and 0.8 hours on February 10, 2023) given that they were not sent after significant events in the appeals. (Doc. 262 at 15). The Court disagrees. These hours should be allowed as reasonable, based on Sunderman's submission that the (privileged) conversations regarded the client's exposure, the status of the case before oral argument, and forwarding the Eleventh Circuit's opinion. (Doc. 268 at 7).

Seventh, the Court likewise disagrees with Sabal Trail that the 2.5 hours billed by Mr. Copeland on March 25, 2022, (to attend mediation with Mr. Brigham) should be denied because 3.0 hours of preparation and attendance by Mr. Brigham "was sufficient, especially given the unlikelihood of settlement following numerous appeals of the same issue." (Doc. 262 at 16). It is reasonable that Mr. Copeland would have attended mediation with Mr. Brigham and assisted him at that time particularly given his work in drafting the initial answer brief on interest, and the fact that Mr. Hearne and Mr. Davis (co-counsel) did not attend the mediation. (Doc. 268 at 7).

Eighth, Sabal Trail wants the Court to disallow 0.3 hours spent by Mr. Hearne on April 28, 2022, to review a notice of deficient appendix, because the notice was one paragraph and not directed at its filing. The time attributable to this entry is reasonable, given that Mr. Hearne was checking compliance with requirements to properly appeal.

Ninth, Sabal Trail requests that the Court reduce 0.6 hours to 0.1 hours (billed by Mr. Hearne and Mr. Davis on May 6, 2022, and May 10, 2022), because the time spent reviewing motions to file corrected briefs is excessive when the unopposed motions were substantively one page each. (Doc. 262 at 16). The Court disagrees, the amount of time to prepare these motions is reasonable and does not appear excessive, particularly where the corrected pages were attached as exhibits to these motions. (Doc. 268 at 7).

Tenth, Sabal Trail claims that 2.0 hours by Mr. Brigham on June 3, 2022, should be denied because it relates to a motion for fees and costs that was not filed at that time (a year before the Eleventh Circuit's ruling). (Doc. 262 at 17). The time attributable to this entry is reasonable, as Mr. Brigham explains, there are different rules requiring the filings of motions for attorney's fees at different times. It was reasonable for Mr. Brigham to spend 2.0 hours

researching such a motion, to ultimately determine when it would be appropriately filed. (Doc. 268 at 7).

Eleventh, Sabal Trail request that this Court disallow 31.8 hours from December 9, 2022, to December 14, 2022, billed by Mr. Hearne and Mr. Davis because they did not argue or attend the oral argument. (Doc. 262 at 17). As Mr. Brigham's response sets forth, these entries are reasonable, as although they were not in attendance or arguing, True North, as lead appellate counsel, contributed significantly to preparation efforts for the oral argument. (Doc. 268 at 10).

Twelfth, Sabal Trail requests that the Court deny 1.5 hours billed by Mr. Hearne on December 15, 2022, for "[w]ork on notes re: oral argument and outline of comments," (Doc. 261-2 at 7), because "oral argument took place the prior day[,] Mr. Hearne did not attend it, and there is no apparent need for him to outline comments upon it." (Doc. 262 at 17). The Court disagrees with Sabal Trail. As Sunderman explains, Mr. Hearne was lead appellate counsel, observed the oral argument online, and prepared notes the day after argument while observations were still fresh on the mind. (Doc. 268 at 7). The time attributable thus appears reasonable.

Thirteenth, Sabal Trail argues that the Court should reduce by 50% the 11.4 hours billed from February 9, 2023, through March 24, 2023, by three counsel (Mr. Brigham, Mr. Hearne, and Mr. Davis) related to a Rule 28(j) notice of supplemental authority and response, (Doc. 261-2 at 8; Doc. 261-1 at 66, 67), because it is excessive as the notice was two paragraphs and the response was two pages. The Court disagrees. As Sunderman's reply sets out, the time is reasonable as the drafting process took place over fourteen days, and reflects review of the Eleventh Circuit's opinion in these appeals. The time also includes analyzing

how to frame the issues and holding for the filing of supplemental authority in related appeals. (Doc. 268 at 7–8).

Fourteenth, Sabal Trail requests the Court disallow attorney's fees for 6.7 hours of work "after the Eleventh Circuit's Mandate on 9/26/23 and final order on 10/23/2023[.]" (Docs. 261 at 25; 262 at 17–18; 268 at 8). It is unclear what entries Sabal Trail refers to here. There are not 6.7 hours of entries between these dates. (Doc. 262-3). Regardless, the attorney's fees incurred on and after September 22, 2023, all appear related to the motion for attorney's fees. Accordingly, those entries should be disallowed as stated in the subsection regarding supplemental proceeding fees.[14]

Fifteenth and finally, Sabal Trail wants the Court to engage in a 50% across-the-board cut of 195.9 hours spent by all four counsel to review the initial briefs and prepare answer briefs, because the time is excessive based on the last two appeals involving the same primary issue briefed in each case. (Doc. 262 at 16–17). This request is due to be denied. Even if prior issues where substantially similar, counsel had an obligation to devote time and work to this appeal. The fact that there were similar issues does not reduce counsel's obligation. Further, the similarity claimed by Sabal Trail is in the titles and "one-third of Defendant's Answer Brief[,]" which does not support that the time allocated to these entries should be disallowed as duplicative—as the work was not a mirror image. *Id.* This is confirmed by Sunderman's reply, which sets out the differences in briefs, such as a new introduction, statement of facts and revisions to address new arguments. (Doc. 268 at 10). Moreover, Sunderman points out

---

[14] Specifically, the following hours are attributable to the following individuals: 1.7 hours by Mr. Davis (for a total of $977.50); 6.9 hours by Mr. Hearne (for a total of $4,830); 0.9 hours by Ms. Smith (paralegal) (for a total of $180). (Doc. 261-2 at 8).

that Sabal Trail asks this Court to do that which was disallowed in *Bivins*—engage in an hour-by-hour reduction and in an across-the-board cut. (Doc. 268 at 8 (quoting *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348 (11th Cir. 2008)).

### B. Additional Attorney's Fees For "Supplemental Proceedings" Regarding Entitlement

Next, Sunderman requests $5,665.00 in attorney's fees representing 10.3 hours of work done by Andrew Prince Brigham in preparing counsel's motion for attorney's fees regarding entitlement. (Docs. 261 at 2, 25; 261-1 at 75; 268 at 2). Specifically, the 10.3 hours that Sunderman's counsel seeks here comprise:

| Date | Timekeeper | Hours | Rate | Fee | Description |
| --- | --- | --- | --- | --- | --- |
| 11/15/2023 | Andrew Prince Brigham | 0.30 | $550.00 | $165.00 | Receipt and review "Court's Order Re: Motion for Entitlement to Appellate Attorney's Fees" |
| 12/01/2023 | Andrew Prince Brigham | 4.0 | $550.00 | $2,200.00 | "Prepare motion for entitlement to attorney's fees; review file documents; draft motion; check citation" |
| 12/04/2023 | Andrew Prince Brigham | 6.0 | $550.00 | $3,300.00 | "Prepare motion for entitlement to attorney's fees; draft motion; conform to local rules; file motion" |
| **Total** | | 10.3 | | $5,665.00 | |

(Doc. 261-1 at 75) (alterations to punctuation). Sunderman's counsel briefly submits that work done on the motion for entitlement is compensable as time spent on "supplemental proceedings" under Fla. Stat. § 73.092(2). (Doc. 261 at 2).

Under Fla. Stat. § 73.092(2), time spent litigating the entitlement to fees is compensable. *Dep't of Transp., State v. Robbins & Robbins, Inc.*, 700 So. 2d 782, 785 (Fla. 5th DCA 1997). Here, however, Sabal Trail argues that the request for 10.3 hours of attorney time

- 13 -

"exceeds the scope of Sabal Trail's agreement with and the Court's determination of entitlement to appellate attorney's fees pursuant to [Fla. Stat.] section 73.131." (Doc. 262 at 20 (citing (Docs. 241, 244, 246, 258))). Further, Sabal Trail argues that "the amount sought is clearly excessive" because the entitlement motion itself "was unopposed, [sic] (Doc. 246), and less than ten pages, of which more than half simply recited the procedural history of this and related cases[.]" (Doc. 262 at 20).

The Court agrees with Sabal Trail here. Sunderman's motion for entitlement, at most, mentions Fla. Stat. § 73.092 in passing. *See* (Doc. 244 at 4 & 7); *cf.* (Doc. 262 at 2–3 (claiming Sunderman filed an eleven-page entitlement motion that only cited Fla. Stat. § 73.131)). There is no substantive argument that the issue of attorney's fees would also encompass time spent litigating entitlement to attorney's fees – again, a dispute that was uncontested. Indeed, as Sabal Trail points out, it *consented* to Sunderman's motion for entitlement consistent with Fla. Stat. § 73.131, and it filed a response saying as much. (Doc. 246). Sabal Trail appropriately argues that it expressly limited its agreement to Sunderman's entitlement under Fla. Stat. § 73.131, with no mention of any fees potentially awardable under Fla. Stat. § 73.092. (Doc. 246 at 1).

Further, as Sabal Trail submits, even if the request for the attorney's fees on the entitlement issue should be considered, the hours sought are "clearly excessive." (Doc. 262 at 20); *see Sabal Trail v. 18.27 Acres of Land in Levy Cnty, et al.*, 1:16cv93, at 16 (N.D. Fla. Dec. 6, 2023). As stated, the motion was unopposed. Sabal Trail also points out that half of the motion for entitlement unnecessarily recites the procedural history of this and other cases. Thus, even if it was appropriate to award some amount of time here, the hours sought (10.3)

are excessive and were not made expressly part of the understanding of the parties surrounding entitlement in general.

Accordingly, the Court should deny Sunderman's request for an award of "supplemental proceeding" fees – that is, fees on the motion for entitlement.

### C. Unpaid Appellate Costs Under Fla. Stat. § 73.131

Next, Sunderman requests that the Court award it "$3,953.20 . . . for the reasonable and necessary costs incurred, but not reimbursed, in defense of Sabal Trail's appeal in circuit court." (Docs. 261 at 2, 24–25; 261-1 at 21–22); 11th Cir. R. 39-2(a) & (d).[15] Sabal Trail contends that under Federal Rule of Appellate Procedure 39(e) the district court may only tax "specifically enumerated appellate costs." (Doc. 262 at 18–19). Specifically, under Rule 39(e), "[t]he following costs on appeal are taxable in the district court . . .: **(1)** the preparation and transmission of the record; **(2)** the reporter's transcript . . . ; **(3)** premiums paid for a bond or other security to preserve rights pending appeal; and **(4)** the fee for filing the notice of appeal." Fed. R. App. P. 39(e); (Doc. 262 at 18–19). Thus, Sabal Trail submits that this Court does not have the jurisdiction to award the costs that Sunderman seeks to tax, "related to the preparation and filing of briefs." (Doc. 262 at 19 (citing (Doc. 261-1 at 71-74))).

Indeed, the Supreme Court of the United States has stated that "[u]nder Rule 39, costs incurred in the court of appeals, such as the fee for docketing the case in that court and the cost of printing the party's briefs and appendices, are taxed in the court of appeals." *City of*

---

[15] It is unclear what amount of appellate costs are unpaid, as Sunderman provides different figures including: $3,953.20 (Doc. 261 at 2, 24–25) and $3,976.25 (Doc. 261-1 at 22). What is clear is that Sunderman claims its total appellate costs for the second and third appeals are $4,122; and that Sunderman represents that Sabal Trail has only paid $148.75. (Doc. 261-1 at 22, 71–74). Assuming those two figures are correct, then the amount of unpaid appellate fees would be $3,973.25 ($4,122 - $148.75 = $3,973.25). Regardless, as stated herein, the Court should deny this request.

*San Antonio v. Hotels.com, L. P.*, 593 U.S. 330, 339–40 (2021) (citing Rule 39(d)). "And the costs incurred in the district court—that is, the costs listed in subdivision (e)—are taxed in the district court." *City of San Antonio*, 593 U.S. at 340. Thus, as discussed in *City of San Antonio*, this Court may only tax the costs enumerated in Rule 39(e). *Id.*

Here, Sunderman requests that this Court tax $3,976.25 in costs, representing: (1) $1,411.00 for the preparation and filing of an appellate brief (Doc. 261-1 at 71); (2) $650.00 for the preparation and filing of an appellate brief (Doc. 261-1 at 72); (3) $1,411.00 for the preparation and filing of an appellate brief (Doc. 261-1 at 73); and (4) $650.00 for the preparation and filing of an appellate brief (Doc. 261-1 at 74). The costs associated with the appellee's briefs are not specifically enumerated as a cost this court may tax under Rule 39(e). Fed. R. App. Pro. 39(e). Instead, these costs were "incurred in the court of appeals" and would be properly taxed there. *City of San Antonio*, 593 U.S. at 339–40 ("cost of printing the party's briefs and appendices, are taxed in the court of appeals"); *see* Fed. R. Civ. P. 39(c) (providing that "[e]ach court of appeals must, by local rule, fix the maximum rate for taxing the cost of producing necessary copies of a brief or appendix").

This conclusion does not change even if the Court accepts Sunderman's argument that "Fla. Stat. § 73.131(2), expressly provides that, on appeals, '[t]he petitioner shall pay all reasonable costs of the proceedings in the appellate court[.]'" (Doc. 261 at 10, 24). Likewise, the plaintiff's argument that the phrase "attorney's fees" includes costs under Eleventh Circuit Rule 39-2(d) does not change this conclusion, particularly where the Eleventh Circuit's order transferring consideration of Sunderman's entitlement "to appellate attorney's fees, and . . . the amount of attorney's fees[,]" did not otherwise implicate the consideration of appellate

costs. (Doc. 261 at 24–25). Indeed, that order did not cite to Rule 39, or otherwise expand this Court's authority beyond Rule 39(e). Fed. R. App. Pro. 39.

Thus, the Court should deny Sunderman's request to tax "$3,953.20" in unpaid appellate costs. (Doc. 261 at 25).

### III.  RECOMMENDATION

Accordingly, for the reasons stated herein, the Court should **grant** Sunderman's motion to the extent that it be awarded $201,542.50 in attorney's fees.[16] The Court should **deny** Sunderman's request for supplemental proceeding fees and to tax unpaid appellate costs.

Recommended in Ocala, Florida on August 7, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[16] $201,542.50 = $209,690 - $8,147.50. $8,147.50 = $5,987.50 + $1,705 + $455.